UNITED STATES of America,
Appellee–Cross–Appellant,

v.

Daniel J. BOLOGNA, also known as
Sealed Defendant # 1, Defendant–
Appellant–Cross–Appellee.

Nos. 00–1072(L), 00–1094(XAP).

United States Court of Appeals,
Second Circuit.

Decided Feb. 7, 2003.

Jeffrey M. Eilender, Schlam, Stone and Dolan, New York, NY, for Appellant–Cross–Appellee.

Brenda K. Sannes, Assistant United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee–Cross–Appellant.

Present: F.I. PARKER, STRAUB, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED in part and REVERSED and REMANDED in part.

Defendant-appellant-cross-appellee Daniel J. Bologna appeals from the district court's January 27, 2000 judgment convicting him, after a jury trial, of one count of making false statements to the United States Customs Service in violation of 18 U.S.C. § 1001. The district court sentenced Bologna to one year of probation and a $2,000 fine. Bologna argues that the district court erred by denying his motion for acquittal on this count, and also by denying his subsequent motions for: 1) a new trial on the basis of juror contamination; 2) a new trial or dismissal of the indictment based on the government's failure to disclose impeachment evidence about one of its trial witnesses. The United States appeals from the portion of the judgment granting Bologna's motion for acquittal on two additional counts of violating 18 U.S.C. § 1001.

This Court reviews de novo a district court's finding on a motion seeking a judgment of acquittal "that the evidence presented at trial was ultimately insufficient to support a jury's verdict." *United States v. Wallace*, 59 F.3d 333, 338 (2d Cir.1995). Applying this standard, we affirm the denial of Bologna's motion for a judgment of acquittal for substantially the same reasons as those given in the district court's September 28, 1999 decision.

On the Government's cross-appeal, we find that the district court erred by, inter alia: 1) impermissibly considering the jury's verdict on Counts One and Three when assessing the sufficiency of the evidence as to Counts Two and Four, *see United States v. Acosta*, 17 F.3d 538, 545 (2d Cir.1994) ("The review of the legal sufficiency of the evidence with respect to one count should be independent of the jury's determination that the evidence on another count was insufficient to meet the government's burden of persuasion."); and 2) giving insufficient weight to the circumstantial evidence of Bologna's guilt. *See United States v. Guadagna*, 183 F.3d 122, 129–30 (2d Cir.1999). For example, because the court is to construe the evidence in support of a guilty verdict in the light most favorable to the government, the evidence that Bologna falsified the number of hours worked in order to justify his overtime pay, presented primarily in support of Counts One and Three, should have been considered by the court as evidence of motive as to Counts Two and Four, from which the jury could infer that Bologna knowingly and willfully lied about the dates of conviction in his reports. After reviewing the evidence, we find it is sufficient to support the jury's verdict and therefore reverse the district court's grant of Bologna's Motion for a Judgment of Acquittal.[1]

Finally, we affirm the district court's denial of Bologna's motions based on allegations of juror contamination, prosecutorial misconduct, and newly discovered evidence for substantially the same reasons as those given by the district court in its September 28, 1999 and February 6, 2002 decisions.

For these reasons, the district court's judgment is AFFIRMED in all respects, except the judgment of acquittal as to Counts Two and Four is REVERSED, the jury's verdict as to Counts Two and Four is REINSTATED, and the sentence is VACATED. The case is REMANDED to the district court for: 1) consideration of Bologna's Motion for a New Trial; 2) insofar as such motion my be granted, a new trial; and 3) resentencing.

---

1. In addition to his Motion for a Judgment of Acquittal on Counts Two and Four, Bologna also filed a Motion for a New Trial on these counts. After granting Bologna's Motion for a Judgment of Acquittal, the district court should have conditionally "determine[d] whether [the] motion for a new trial should [have been] granted if the judgment of acquittal [was] thereafter vacated or reversed, specifying the grounds for such determination." Fed.R.Crim.P. 29(d). Because the district court made no such conditional determination, this Court expresses no opinion on whether the Motion for a New Trial should have been granted or denied. On remand, the district court may decide whether to grant Bologna's Motion for a New Trial on Counts Two and Four or to deny that motion and proceed to resentencing.